UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CIV-22433-MARTINEZ/SANCHEZ

FIRST GREEN INDUSTRIES a.s.,

    Petitioner,

v.

SOLAR DAIRY, LLC,

    Respondent.
_____/

**REPORT AND RECOMMENDATION ON
PETITIONER'S MOTION FOR FINAL DEFAULT JUDGMENT**

This matter is before the Court on the Motion for Final Default Judgment filed by Petitioner First Green Industries a.s. ("Petitioner" or "First Green") against Respondent Solar Dairy, LLC ("Solar Dairy"). ECF No. 21.[1] Solar Diary did not file a response to the Petitioner's motion, and the deadline to do so has passed. After careful consideration of the Petitioner's filings, the record, and the relevant authority, and being otherwise duly advised on the matter, the undersigned **RESPECTFULLY RECOMMENDS** that Petitioner's Motion for Final Default Judgment, ECF No. 21, be **GRANTED**.

    **I.    PROCEDURAL AND FACTUAL BACKGROUND[2]**

First Green commenced this action against the Respondent seeking enforcement of an international arbitration award ("the Final Award"). ECF No. 1. The Petitioner is a Czech

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the Petitioner's motion for default judgment to the undersigned. ECF No. 24.

[2] The following facts are admitted as a result of the Defendant's default. *See, e.g.*, *Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024); Section II *infra*.

engineering company specializing in the manufacture of electric powered skid steer loaders. *Id*. at ¶ 6. First Green entered into a Distribution Agreement with Solar Dairy on December 4, 2020, wherein Solar Dairy agreed to sell Petitioner's products within the State of Florida. *Id*. at ¶ 7; ECF No. 1-4. Article 19.3 of the Distribution Agreement contains an arbitration clause stating, "[a]ll disputes arising out of or in connection with this Agreement will be finally settled with the Arbitration Court attached to the Czech Chamber of Commerce and the Agricultural Chamber of the Czech Republic according to its Rules by three arbitrators in accordance with the Rules of the Arbitration Court." ECF No. 1 at ¶ 9; *see also* ECF No. 1-4 at 15.

Pursuant to the arbitration clause, the Petitioner initiated arbitration proceedings before the above-specified arbitration court ("Arbitration Court") on May 20, 2022. ECF No. 1 at ¶ 11. Notice of the arbitration proceedings was served on the Respondent by the Arbitration Court at "its last known address in accordance with Section 10 of the Rules of Arbitration Court," documents were sent by mail to the Respondent's mailing address as entered in the Division of Corporations of the State of Florida, and by email to the following address: info@solardiary.com. *Id*. at ¶ 12. On August 23, 2022, the Arbitration Court issued a notice alerting the parties to the composition of the arbitration tribunal. *Id*. at ¶ 13.

Over the course of the arbitration proceedings, Petitioner presented the arbitral tribunal with evidence to support its claim. *Id*. at ¶ 14. The Respondent's only response during the proceedings was an e-mail sent to the Arbitration Court on September 29, 2022, acknowledging receipt of notice and stating that the Respondent intended to submit a statement in reply. *Id*. Despite its stated intentions and having been duly notified, the Respondent failed to file any pleading during the proceedings, contact the Arbitration Court further, or attend the oral hearing. *Id*.

On February 10, 2023, the arbitral tribunal rendered its Final Award in favor of the Petitioner, requiring Solar Dairy to

- Pay USD 208,054.00 to the Claimant [*i.e.*, Petitioner First Green] within three days of the entry into force of the Arbitral Award;

- Pay default interest of USD 17,047.85 to the Claimant within three days of the entry into force of the Arbitral Award;

- Pay damages of USD 16,956.40 to the Claimant within three days of the entry into force of the Arbitral Award;

- Reimburse Claimant for the costs of arbitration proceedings amounting to CZK 668,764.00 within three days of the entry into force of the Arbitral Award; and

- Reimburse Claimant for the costs of CZK 6,636.48 associated with enforcement of the receivable within three days of the entry into force of the Arbitral Award.

*Id.* at ¶ 15; *see* ECF No. 1-3 at 12-13.  The Final Award became judicially enforceable on March 31, 2023.  ECF No. 1 at ¶ 16; *see* ECF No. 1-3 at 12.

First Green thereafter filed a Petition to Enforce International Arbitration Award with this Court on June 29, 2023.  ECF No. 1.  First Green requests that this Court enter an Order and Judgment "(a) confirming, recognizing and enforcing the Award; (b) entering judgment in favor of Petitioner and against Respondent in the amount of US $273,329.69, plus pre-judgment interest from March 31, 2023 to the date of judgment, with post-judgment interest as provided by law; [and] (c) directing Respondent to complete a debtor information form as specified in Fla. R. Civ. P. 1.560(c) and Form 1.977."  ECF No. 1 at 6.

On July 28, 2023, Solar Dairy, in a filing made without the representation of counsel, asked the Court to extend its deadline to respond to the Petition, claiming that it was only made aware the day before that "documents were served to a UPS store mailbox" and that it required an extension to secure counsel.  ECF No. 9.  The Court granted that motion, extending the Respondent's deadline to August 31, 2023.  ECF No. 10.  Then, on August 22, 2023, Solar Dairy

3

filed a Motion to Stay claiming that it was "appealing the arbitration results in the country of origin" because it was "never giving [sic] proper notice and [its] grievances were never considered." ECF No. 12.

The Court did not grant Solar Dairy's Motion to Stay. Instead, Judge Martinez entered an Order to Show Cause and Administratively Closing the Case stating that "[t]o date, Defendant has failed to answer or otherwise respond to the Complaint" and has "failed to retain counsel." ECF No. 15. The Court further explained: "A corporation must be represented by counsel and cannot proceed *pro se*." *Id.* (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)). Accordingly, the Court ordered Solar Dairy to show cause by September 25, 2023, why default should not be entered against it for failure to respond to the Complaint and for failure to obtain counsel. *Id.* at ¶ 1. The Court warned Solar Dairy: "**Failure to show good cause will result in the entry of default against Defendant and without further notice.**" *Id.* at ¶ 2 (emphasis in original).

When Solar Dairy thereafter failed to respond to the Order to Show Cause by the required deadline, the Court entered an Order Directing the Clerk to Enter Default, ECF No. 17, which the Clerk entered on October 2, 2023. ECF No. 18. First Green then filed the instant Motion for Final Default Judgment on October 20, 2023, and attached a Declaration of Jan Šturm, the attorney that represented First Green in the arbitration proceedings. ECF Nos. 21, 21-1.

## II.  LEGAL STANDARD

### A. Default Judgment Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d

4

1309, 1316 (11th Cir. 2002). The effect of a clerk's default is that all of the plaintiff's well-pled allegations are deemed admitted. *See Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (defaulted defendant deemed to admit well-pled allegations, but "not held to admit facts that are not well-pleaded or to admit conclusions of law").

Only the well-pled allegations are admitted because "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) ("The Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Certain Underwriters at Lloyd's London Subscribing to Policy BRT3A000415-02 v. A.M.A. Consulting & Constr. Servs.*, No. 21-cv-20979, 2022 WL 542893, at *5 (S.D. Fla. Feb. 7, 2022), *report and recommendation adopted*, 2022 WL 539183 (S.D. Fla. Feb. 22, 2022). Therefore, before entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see also, e.g.*, *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017) ("Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered."). If the admitted facts are sufficient

to establish liability, then the Court must ascertain the appropriate amount of damages. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Where all the essential evidence needed to determine damages is found in the record, an evidentiary hearing on damages is not required. *See, e.g.*, *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2023 WL 2395475, at *1 (S.D. Fla. Mar. 7, 2023).

### B. Enforcement of an Arbitral Award under the New York Convention

Petitioner seeks enforcement of the Final Award pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, commonly known as the New York Convention, which is implemented by Chapter 2 of the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. §§ 201-208. ECF No. 1. The United States Supreme Court has explained that "the principal purpose" behind the adoption of the New York Convention, which requires contracting states to recognize written arbitration agreements, "was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standard by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Cvoro v. Carnival Corp.*, 941 F.3d 487, 495 (11th Cir. 2019) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974)); *see* New York Convention, art. II(1). Thus, "the United States has a 'federal policy in favor of arbitral dispute resolution' which 'appl[ies] with special force in the field of international commerce.'" *Cvoro*, 941 F.3d at 495 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)).

To that end, "the FAA creates two causes of action in federal court regarding an international arbitration agreement." *Id*. A party may "file a motion to compel that arbitration be held in accordance with an arbitration agreement," or, "after arbitration is completed, a party may file a motion to confirm the arbitral award, at which time the opposing party may raise a particular

set of defenses as to whether the district court should enforce the arbitral award." *Id.* (citing 9 U.S.C. §§ 206-207, *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543, 546 (11th Cir. 2016), and *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1280 (11th Cir. 2011)). This case concerns only the latter cause of action.

"A federal court's review of an arbitration award is highly deferential and extremely limited." *United Steel, Paper & Forestry, Rubber, Mfg., Energy Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC, USW Local 200 v. Wise Alloys, LLC*, 807 F.3d 1258, 1271 (11th Cir. 2015); *see also Four Seasons Hotels & Resorts B.V. v. Consorcio Barr, S.A.*, 613 F. Supp. 2d 1362, 1366 (S.D. Fla. 2009) (noting that a district court's "review of a foreign arbitration award is quite circumscribed") (quotation omitted); *Bamberger Rosenheim, Ltd., (Israel) v. OA Dev., Inc.*, 862 F.3d 1284 (11th Cir. 2017) ("Because arbitration is an alternative to litigation, judicial review of arbitration decisions is 'among the narrowest known to the law.'") (quoting *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) (quoting *Del Casal v. E. Airlines, Inc.*, 634 F.2d 295, 298 (5th Cir. Unit B Jan. 1981))). The FAA provides that "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. "Once the proponent of the award meets his article IV jurisdictional burden of providing a certified copy of the award and the arbitration agreement, he establishes a prima facie case for confirmation of the award." *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 n.3 (11th Cir. 2004). The New York Convention provides that "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

7

### III. ANALYSIS

The Petitioner here sought enforcement of the arbitration award within three years of the award being issued, and it attached to its Petition a certified copy of the award (ECF No. 1-3) and the arbitration agreement between the parties (ECF No. 1-4). The Petitioner has therefore complied with Article IV's jurisdictional prerequisites and has established a prima facie case for confirmation of the award. 9 U.S.C. § 207; *Czarina, L.L.C.*, 358 F.3d at 1292 & n.3. There is no evidence that any of the bases for vacating the Final Award under the New York Convention apply here, and First Green has alleged the same in its Petition: "No grounds exist for denying recognition and enforcement of the Award under Article V of the New York Convention." ECF No. 1 at ¶ 18.

Although Solar Dairy did not file a response to First Green's Motion for Final Default Judgment, in its Motion to Stay, it claimed that it was "never given proper notice and [its] grievances were never considered." ECF No. 12. However, Solar Dairy subsequently defaulted in this case, and it has failed to establish any such claims or any defense to the enforcement of the arbitral award. As the party challenging enforcement of the arbitral award, Solar Dairy bore the burden of proof on any defense to the enforcement of the award, *see Lindo*, 652 F.3d at 1263, and it failed to carry that burden in these proceedings. Moreover, "[t]here was a time to controvert plaintiff's claims and defendant cannot elect to default and then defend on the merits. It cannot have its cake and eat it to[o]." *Boyke v. Superior Credit Corp.*, No. 01-CV-0290, 2006 WL 3833544, at *2 (N.D.N.Y. Dec. 28, 2006).

In any event, Solar Dairy is barred from raising defenses to the enforcement of the award because it failed to move to vacate, modify, or correct the Final Award within the required three-month time limit set by the FAA. *See* 9 U.S.C. § 12; *Noble Prestige Ltd. v. Horn*, No. 20-82357-

8

CIV-SMITH, 2024 WL 2109045, at *2 (S.D. Fla. Apr. 3, 2024).  Although Chapter Two of the FAA, which applies here, is silent as to any statute of limitations for filing a motion to vacate an arbitral award, *see* 9 U.S.C. §§ 201-208, Chapter One of the FAA provides that a party seeking to vacate an arbitration award has three months from when the award is filed or delivered to serve "notice of a motion to vacate, modify, or correct an award," 9 U.S.C. § 12.[3]  Chapter Two of the FAA, moreover, contains a residual clause that states:  "Chapter 1 applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States."  9 U.S.C. § 208.  Furthermore, courts in this district have applied Chapter 1's three-month limitations period for vacatur actions to non-domestic arbitrations through Chapter 2's residual clause, and they have concluded that the "failure to move for vacatur within the three-month limitation period bars [a party] from later raising defenses in opposition to a confirmation petition."  *Noble Prestige Ltd.*, 2024 WL 2109045, at *3 (collecting cases); *see also Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989) (holding that a party who did not move to vacate a domestic arbitral award within the three-month limitations period could not raise defenses in opposition to a confirmation petition); *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (applying three-month limitation period from Chapter 1 of the FAA to motion to vacate an international arbitration award under the New York Convention).  Allowing a party who is barred from seeking vacatur of an arbitral award to "back-door the very same barred arguments in opposition to a motion to confirm" would impermissibly provide the party "two bites at the apple."  *Grupo Unidos*

---

[3] In domestic arbitrations, Chapter One of the FAA applies, and in non-domestic arbitrations, Chapter Two of the FAA applies.  *See Bamberger Rosenheim*, 862 F.3d at 1287.

9

*Por El Canal, S.A. v. Autoridad del Canal de Panama*, No. 17-23996-Civ-Scola, 2018 WL 3059649, at *6 (S.D. Fla. June 18, 2018).

The time for Solar Dairy to file a motion to set aside the Final Award expired on June 30, 2023. 9 U.S.C. § 12; ECF No. 13-1. Based on the record before the Court, Solar Dairy had not moved to vacate, modify, or correct the Final Award before that time and is now barred from raising defenses in opposition to the Petition to Enforce the Arbitral Award. *See* ECF No. 12 (revealing that, as of August of 2023, Solar Dairy had not yet taken action concerning the arbitral award). Therefore, the Respondent has not and cannot meet its burden of showing that one of the Convention's enumerated defenses applies, and it therefore has not and cannot overcome the prima facie case for confirmation of the award established by the Petitioner. Here, there is more than sufficient legal basis for the entry of final default judgment confirming the arbitration award.

## IV. DAMAGES

Petitioner seeks an amount certain of $273,329.69 (the total amount awarded by the arbitral tribunal converted into USD) plus pre-judgment and post-judgment interest. ECF No. 21.

Where a plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Kaciak v. TAB Rest. Grp., LLC*, No. 6:23-CV-1200-CEM-LHP, 2024 WL 262570, at *4 (M.D. Fla. Jan. 24, 2024) (citing *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008)). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded. *Id.* Therefore, in the default judgment context "a court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Because Petitioner attaches an English-translation of the Final

Award documenting that the Arbitration Court awarded Petitioner the same amounts it now seeks in damages, the undersigned finds a legitimate basis for the damages sought by Petitioner. *See* ECF No. 1-3 at 12.

The Arbitration Court, however, awarded two components of the arbitration award (the costs for the arbitration proceedings and the costs associated with enforcement of the receivable) in Czech currency. But "[a] money judgment entered by an American court must be in United States currency." *Sequip Participações S.A. v. Marinho*, No. 15-23737-MC, 2019 WL 8301064, at *4 (S.D. Fla. Feb. 26, 2019) (citing *Jamaica Nutrition Holdings, Ltd. v. United Shipping Co., Ltd.*, 643 F.2d 376, 379 n.5 (5th Cir. 1981)). Here, because First Green's claim for confirmation and enforcement of a foreign arbitral award arises under the FAA and its codification of the New York Convention, the exchange rate that is applied to convert those arbitral award components that are in Czech currency to U.S. currency is the exchange rate on the date that the arbitral award became enforceable, in accordance with the "breach rule." *See, e.g.*, *Sequip Participações S.A.*, 2019 WL 8301064, at *5-6; *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 162 (D.D.C. 2013), *aff'd*, 603 F. App'x 1 (D.C. Cir. 2015).

Here, the date that the Final Award became enforceable was March 31, 2023. Petitioner accordingly uses March 31, 2023, to calculate the exchange rate for the damages awarded by the arbitral tribunal in Czech currency. ECF No. 21. Per the Czech National Bank, the CZK to USD exchange rate on March 31, 2023, was 21.598. Using that exchange rate, the costs of the arbitration proceedings (668,764.00 CZK) plus the costs associated with enforcement of the receivable (6,636.48 CZK) equal a total of USD 31,271.44. This, together with the damages awarded by the arbitral tribunal in U.S. dollars, equals USD 273,329.69. This amount, sought by Petitioner in its

motion, ECF No. 21, is the proper measure of the damages to which the Petitioner is entitled on confirmation of the Final Award.

Petitioner also seeks pre-judgment interest accruing from March 31, 2023, to the date of judgment, as well as post-judgment interest as provided by law. ECF No. 1 at 6; ECF No. 21 at 9-10. Because this case falls within the Court's federal subject matter jurisdiction under 9 U.S.C. § 203, the question of pre-judgment interest is governed by federal law. *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998), *overruled on other grounds by Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*, 66 F.4th 876 (11th Cir. 2023); *Chiquita Brands Int'l v. Zamhern S.A.*, No. 21-cv-22359-ALTMAN/Reid, 2023 U.S. Dist. LEXIS 185470, at *4 (S.D. Fla. Oct. 13, 2023). The Eleventh Circuit has explained that "pre-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that are rightfully his, and absent any reason to the contrary, it should normally be awarded when damages have been liquidated by an international arbitral award." *Indus. Risk Insurers*, 141 F.3d at 1446-47 (quotations and citations omitted); *see also Sequip Participações S.A.*, 2019 WL 8301064, at *7 (awarding pre-judgment interest to petitioner seeking confirmation of an international arbitration award). In the absence of a controlling statute, the appropriate rate at which to calculate pre-judgment interest is left to the discretion of the court to determine. *Chiquita Brands Int'l*, 2023 U.S. Dist. LEXIS 185470, at *4; *see also, e.g.*, *Indus. Risk Insurers*, 141 F.3d at 1447. That choice is guided by principles of reasonableness and fairness, and by the relevant fifty-two-week United States Treasury bond rate. *Chiquita Brands Int'l*, 2023 U.S. Dist. LEXIS 185470, at *4-5; *see also Indus. Risk Insurers*, 141 F.3d at 1447. With these principles in mind, the amount of pre-judgment interest in this case is properly calculated using the current fifty-two-week U.S. Treasury bond rate

from the date the Final Award became judicially enforceable on March 31, 2023, to the date that judgment is entered by this Court.

Title 28 U.S.C. § 1961(a) provides that, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). This provision for post-judgment interest applies to arbitral awards confirmed by the district court. *See Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co.*, 744 F.2d 1482, 1484 (11th Cir. 1984) (holding that that a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates); s*ee also Sequip Participações*, 2019 WL 8301064, at *7-8 (awarding post-judgment interest on the judgment of a foreign arbitration award confirmation). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961. Accordingly, the default judgment entered by this Court should include post-judgment interest calculated pursuant to 28 U.S.C. § 1961, beginning from the date on which this Court enters judgment and continuing until the judgment is satisfied.

Petitioner has also asked this Court to direct Respondent to complete a debtor information form as specified in Florida Rule of Civil Procedure 1.560(c) and Form 1.977. ECF No. 1 at 6. Federal Rule of Civil Procedure 69(a)(2) allows a judgment creditor to conduct discovery in aid of execution. Pursuant to Rule 69, "the Court looks both to the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure." *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 4618087, at *2 (S.D. Fla. Aug. 19, 2016) (citing Fed. R. Civ. P. 69(a)(2)). Florida Rule of Civil Procedure 1.560(b) allows the prevailing party in any final judgment to request that the court require the judgment debtor to complete, under oath, the Florida Rule of Civil Procedure Form

1.977 Fact Information Sheet. *See* Fla. R. Civ. P. Rule 1.560(b). Accordingly, the undersigned recommends that the final judgment require Respondent Solar Dairy to complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and to serve that form and the required attachments on Petitioner First Green's attorney.

## V.   CONCLUSION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Petitioner's Motion for Final Default Judgment, ECF No. 21, be **GRANTED**; that the Final Award be confirmed under 9 U.S.C. § 207; that Petitioner First Green Industries a.s. be awarded damages against Respondent Solar Dairy, LLC in the amount of $273,329.69, plus pre-judgment and post-judgment interest, as set forth above; and that Respondent Solar Dairy, LLC be ordered to complete a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) and serve it upon Petitioner's counsel.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation. Accordingly, within three (3) days from the date of this Report and Recommendation, that is, **by September 27, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*,

14

885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 24th day of September 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record

      Solar Dairy, LLC
      c/o Armando Dulsaides
      19700 SW 152 St.
      Miami, FL 33187
      (via U.S. Mail)